IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CHIMNEY ROCK PUBLIC POWER DISTRICT, *et al.,* | ) | Case No. 7:09-cv-5008 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | **JOINT AND STIPULATED** |
| vs. | ) | **PROTECTIVE ORDER** |
| | ) | |
| TRI-STATE GENERATION AND TRANSMISSION ASSOCIATION, INC., *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiffs Chimney Rock Public Power District, Midwest Electric Cooperative Corporation, Northwest Rural Public Power District, Panhandle Rural Electric Membership Association and Roosevelt Public Power District (collectively "Plaintiffs"), Defendant Tri-State Generation and Transmission Association, Inc. ("Defendant Tri-State") and Defendant Harold "Hub" Thompson ("Defendant Thompson") have requested that the following stipulated protective order be entered by the Court in the above-captioned action (this "Action").  It is therefore ORDERED as follows:

## I.      NATURE OF INFORMATION AND MATERIALS PROTECTED

1.      *Applicability.* "Confidential Information" will include any form of document, testimony, response to a discovery request, transcript or copy made therefrom (collectively "Information") that is designated as such pursuant to this Joint and Stipulated Protective Order (this "Order"). Any party may designate any Information as "Confidential" which: (a) constitutes or contains trade secrets, research, know-how, identification of customers, amounts or sources of any income, profits, losses, or expenditures, financial, accounting, tax or developmental information, or information concerning the marketing, sales, purchases,

pricing, commission or business strategies of the producing party; (b) if disclosed to another party would harm or disadvantage the commercial interests of the producing party; (c) is subject to a non-disclosure or confidentiality agreement with a third party; or (d) otherwise meets the standards for protection set forth in Fed. R. Civ. P. 26(c).

      i.      Notwithstanding the foregoing, "Confidential Information" will include only: (a) such Information as is produced in this Action and labeled as such, and (b) Information previously exchanged by the Parties on a confidential basis under the Non Disclosure Agreement dated April 10, 2008. All other Information previously exchanged between or among Plaintiffs, Defendant Tri-State and Defendant Thompson (collectively, the "Parties" and individually a "Party") before the commencement of this Action will retain the characteristics possessed at the time of transmittal.

      ii.     This Order shall be applicable to the Parties; officers, directors, members and employees of the Parties; and the following as defined below:   Other law firm attorneys, Law firm personnel, Outside consultants/experts, Service bureaus, and Other qualified persons.

      2.     *Confidential Information of Third Parties*. The term "producing party" encompasses not only the Parties, but also third parties who may disclose or produce information, *e.g.*, in response to a subpoena.

      3.     *"Confidential Information."* All Confidential Information shall be used solely for the purpose of this Action and for no other purpose whatsoever and shall not be disclosed to any person or entity except in accordance with the terms of this Order. Notwithstanding

the foregoing, a producing party is not so restricted in the use of its own Confidential Information that it produces.

## II.   RESTRICTIONS ON ACCESS TO CONFIDENTIAL INFORMATION

4.   *Access to information designated "Confidential."* Access to information that is designated "Confidential" shall be limited to: (a) officers, directors, members and employees of the Parties; (b) counsel of record for any Party; (c) Other law firm attorneys; (d) Law firm personnel; (e) Service bureaus; (f) Outside consultants/experts; and (g) Other qualified persons.

5.   *Definitions.* Certain terms referenced above are defined as follows:

(a)   "*Other law firm attorneys*" means attorneys who are members or employees of the law firms of the outside attorneys of record for any party but who are not themselves of record.

(b)   *"Law firm personnel"* means regular full-time or part-time employees of the law firms of the outside attorneys of record for any party to whom it is necessary that the Confidential Information in question be disclosed for purposes of this Action.

(c)   *"Outside consultant/expert"* means a person, not employed by the receiving party, who is retained by that Party or its attorneys of record in this matter, for the purposes of assisting with this litigation (*e.g.*, accountants, consultants, economists) provided the person has signed an agreement in substantially the form of Exhibit A attached hereto.

(d)   *"Service bureau"* means a company or person that:

3

(i) is engaged by counsel of record to perform court reporting or clerical-type services in connection with this Action (*e.g.,* photocopying, imaging, computer data entry); and

(ii)    has signed an agreement in substantially the form of Exhibit A attached hereto.

(e)    *"Other qualified persons"* means any other person who is (i) a deponent at a properly noticed deposition in this Action, and is provided with Confidential Information only as required to take that person's deposition, (ii) designated by written agreement of the Parties, or (iii) designated by order of the Court.

6.    *Confidential Information of nonparties.* In the event that a Party seeks discovery from a nonparty to this action, the nonparty may designate its responsive information "Confidential" so that such information is subject to the terms of this Order.

7.    *Disclosure to certain persons associated with producing party.* Nothing in this Order shall preclude any Party from showing a document designated as Confidential Information to an individual currently employed by the producing party.

8.    *No waiver of right or obligation to object to production.* Nothing contained in this Order shall be construed as a waiver by any Party of its right to object to the subject matter or scope of any discovery in this Action.

9.    *Requests for additional protection.* This Order shall be without prejudice to the right of the Parties to request additional confidentiality protection from the Court.

4

III.    **DESIGNATION AND LABELING OF CONFIDENTIAL INFORMATION**

10.    *Labeling of documents.* Information being designated as protected that is in documentary or other tangible form shall be labeled by the producing party as "Confidential."

11.    *Designation of other disclosures.* Information being designated as protected that is not in documentary or other tangible form, or that cannot conveniently be labeled, shall be designated and/or categorized by the producing party in a writing provided to the receiving party at the time of production.

12.    *Preliminary designation of documents being inspected.*  If a producing party elects to produce documents and things for inspection, it need not label the documents and things in advance of the initial inspection. For purposes of the initial inspection, all documents within the produced files will be considered as having been marked "Confidential." Thereafter, on selection of specified documents for copying by the inspecting party, the producing party shall mark the original documents and/or the copies of such documents with the appropriate confidentiality marking at the time the copies are produced to the inspecting party.

13.    *Requests for declassifying Confidential Information.* At any time that a Party believes that a document or information which has been classified by the producing party as "Confidential" should be declassified from its indicated status, counsel for the Party desiring declassification shall notify counsel for the producing party, in writing, of its request for declassification. Such request shall particularly identify the "Confidential" information that the Party requesting declassification contends is not confidential and the reasons supporting its contentions. If the Parties cannot resolve the issue of declassification within three (3)

5

business days after such identification, then it shall be the obligation of the Party requesting declassification to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Order. If such a motion is filed, the disputed information shall still be treated in the manner designated by the producing party until the Court rules on the motion.

14.     *Designation of and procedure for any deposition testimony.* The following procedures shall be followed if Confidential Information of a producing party is discussed or disclosed in any deposition permitted in this proceeding.

(a)     The producing party shall have the right to exclude from attendance at the deposition, during such time the producing party reasonably believes Confidential Information will be discussed or disclosed, any person other than the deponent, the court reporter, and persons entitled to access to the Confidential Information.

(b)     At any time on the record during a deposition the producing party may designate any portion of the deposition and transcript thereof to be "Confidential." If such a request is made on the record during the deposition, the reporter shall later indicate on the cover page of the transcript that the transcript contains "Confidential Information" and additionally, if less than the entire transcript, shall list the pages and line numbers of the transcript in which the Confidential Information is contained.

(c)     Alternatively, such a designation of deposition confidentiality may be made in writing within twenty (20) calendar days after counsel receives a copy of the transcript of the deposition. The designation shall contain a list of the numbers of the pages and lines of the transcript that are being designated as containing Confidential Information. Such designation shall be provided in writing to all counsel of record.

6

All counsel of record shall treat all deposition transcripts as "Confidential" for the first twenty (20) calendar days after receipt of such deposition transcripts.

15.    *Inadvertent production.* If a party inadvertently produces a document containing Confidential Information without marking or labeling it as such, the information shall not lose its protected status through such production and the Parties shall take all steps reasonably required to assure its future confidentiality to the greatest extent possible if the producing party provides written notice to the receiving party within ten (10) days of discovering the incorrect designation or the production of the document, whichever is later, such notice identifying the document in question and of the corrected confidential designation for the document.

## IV.    FILING OF CONFIDENTIAL INFORMATION AND HEARINGS

16.    *Court Filings and Hearings.*   If a receiving party files Confidential Information with the Court, it must file that Confidential Information under seal in accordance with NebCivR 7.5 and/or any other applicable rule.  The receiving and producing parties may in the alternative agree, however, to any redactions in documents that would allow such documents, which would otherwise be Confidential Information, to be filed publicly rather than under seal.  A receiving party may use Confidential Information during any hearing or trial that occurs before the Court, and the producing party bears the responsibility to seek any appropriate order from the Court relating to the protection of the confidentiality of such Confidential Information used during any such hearing or trial.

## V.    MISCELLANEOUS

17.    *Return and destruction of documents.* Except as set forth below, within sixty (60) days of final termination of this Action, including the termination of any appeal and/or

7

the expiration of the time allowed for appeal, the attorneys of record for each receiving party shall return to each producing party or its attorney of record all Confidential Information (and any copies thereof) that have been furnished to it by the producing party. At the option of the receiving party, such information may be destroyed in lieu of being returned, with appropriate written notice of destruction being furnished by the receiving party.  This Section does not require the receiving party to destroy or alter any of its computer archival and backup tapes or archival and backup files (for example and without limitation, if a receiving party might internally circulate a producing party's confidential document by email, which email might then automatically be preserved in the receiving party's computer backup tapes) provided that such tapes and files shall be kept confidential in accordance with the terms of this Order.

18.    *Subpoena by other courts, agencies or persons*. If another court, agency or person subpoenas or orders production of Confidential Information that a Party has obtained under the terms of this Order, such Party shall immediately (and as many days as possible prior to the date of the return of the subpoena) notify the producing party of such subpoena or orders. The responsibility of the subpoenaed Party to protect the Confidential Information shall be fulfilled upon the giving of such notice.

19.    *Non-termination*. The provisions of this Order protecting Confidential Information shall not terminate at the conclusion of this Action.

Done this 19th day of _____July_____, 2010

By the Court:

s/ F.A. Gossett
United States Magistrate Judge

Requested and Stipulated to by Counsel for the Parties:

CHIMNEY ROCK PUBLIC POWER
DISTRICT, MIDWEST ELECTRIC
COOPERATIVE CORPORATION,
NORTHWEST RURAL PUBLIC POWER
DISTRICT, PANHANDLE RURAL ELECTRIC
MEMBERSHIP ASSOCIATION AND
ROOSEVELT PUBLIC POWER DISTRICT,
Plaintiffs

By:   /s/ Philip Roselli
Raymond Gifford
Philip Roselli
Adam Peters
Wilkinson Barker Knauer, LLP
1430 Wynkoop Street, Suite 201
Denver, CO  80202
rgifford@wbklaw.com
proselli@wbklaw.com
apeters@wbklaw.com

9

TRI-STATE GENERATION AND
TRANSMISSION ASSOCIATION, INC.,
Defendant

By:    /s/  Michael B. Carroll_____
Robert E. Youle
Brian G. Eberle
Michael B. Carroll
SHERMAN HOWARD
633 Seventeenth Street, Suite 3000
Denver, CO 80202
(303) 299-8452
ryoule@shermanhoward.com
beberle@shermanhoward.com
mcarroll@shermanhoward.com

and

Joseph K. Meusey, # 12812
Patrick S. Cooper, # 22399
FRASER STRYKER PC, LLO
500 Energy Plaza
409 South 17th Street
Omaha, NE 68102-2663
(402) 341-6000
jmeusey@fraserstryker.com
pcooper@fraserstryker.com

HAROLD "HUB" THOMPSON, Defendant

By:    /s/Marisa B. Hudson-Arney_____
Dan M. Reilly
Eric Fisher
Marisa B. Hudson-Arney
Reilly, Pozner LLP
511 16th Street, Suite 700
Denver, CO 80202
(303) 893-6100
dreilly@rplaw.com
efisher@rplaw.com
mhudsonarney@rplaw.com

10

## EXHIBIT A

### AGREEMENT TO BE BOUND BY
### JOINT AND STIPULATED PROTECTIVE ORDER

I, _____, of _____

_____, in order to be provided access to information designated as Confidential Information pursuant to the *Joint and Stipulated Protective Order* (hereafter the "Protective Order") entered in the matter captioned *Chimney Rock Public Power District, et al. v. Tri-State Generation and Transmission Association, Inc., et al.*, Case No. 7:09-cv-5008, United States District Court for the District of Nebraska (hereafter the "Action"), represent and agree as follows:

1.      I have received and read the Protective Order, understand its terms and agree to be bound by all of its terms.

2.      For any and all information designated as Confidential Information pursuant to the terms of the Protective Order to which I am given access in connection with the Action, I agree to be bound by the provisions of the Protective Order and to handle such Confidential Information in the manner required by the Protective Order.

3.      I understand that the violation of the terms of the Protective Order will constitute breach of the Protective Order and may subject me or any entity I represent to sanctions, including a possible claim for damages against me personally.

4.      I consent to the exercise of jurisdiction over me by the Court presiding over the Action for purposes of enforcing my compliance with the Protective Order and for purposes of sanctioning me for any violation of the Protective Order.

_____

Individual's Printed Name and Entity Name (If Any)


_____

Signature

Date: _____

11

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of July, 2010, I electronically filed the foregoing document via the Court's CM/ECF system, which sent notification of same to the following:

Raymond L. Gifford, Esq.                Dan M. Reilly, Esq.
Phillip J.Roselli, Esq.                 Eric Fisher, Esq.
Adam Peters, Esq.                       Marisa B. Hudson-Arney, Esq.
Wilkinson Barker Knauer, LLP            Reilly Pozner LLP
1430 Wynkoop Street, Suite 201          511 16th Street, Suite 700
Denver, CO  80202                       Denver, CO  80202


                          /s/Sharon Brookshire