IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

```
CHIMNEY ROCK PUBLIC POWER      )
DISTRICT, MIDWEST ELECTRIC     )
COOPERATIVE CORPORATION,       )
NORTHWEST RURAL PUBLIC POWER   )
DISTRICT, PANHANDLE RURAL      )
ELECTRIC MEMBERSHIP            )
ASSOCIATION and ROOSEVELT      )
PUBLIC POWER DISTRICT,         )
                               )
            Plaintiffs,        )        7:09CV5008
                               )
      v.                       )
                               )
TRI-STATE GENERATION AND       )        ORDER
TRANSMISSION ASSOCIATION,      )
INC., HAROLD "HUB" THOMPSON,   )
BRIAN SCHLAGEL, JAMES "JIMMY"  )
BASON, JACK HAMMOND, TOM       )
HOLGERSON, THAINE MICHIE,      )
CHARLES "JIM" SOEHNER,         )
                               )
            Defendants.        )
_____)
```

This matter is before the Court on the findings and recommendation of the magistrate judge (Filing No. 77), recommending the motions to transfer venue (Filing Nos. 34 and 40) of defendants Tri-State Generation and Transmission Association, Inc. and Harold Thompson be granted. Plaintiffs filed timely objections to the magistrate judge's findings and recommendation (Filing No. 82). Having reviewed the findings and recommendation, the Court finds they should be approved and adopted.

The Court reviews the magistrate judge's findings on non-dispositive motions under a "clearly erroneous or contrary to law" standard. *See* Fed. R. Civ. P. 72(a).

"For convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The statutory language provides three general categories of factors that courts must consider when deciding a motion to transfer: "(1) the convenience of the parties, (2) the convenience of the witnesses, and (3) the interests of justice." See Terra Int'l, 119 F.3d 688, 691 (8th Cir. 1997). "Courts have not, however, limited a district court's evaluation of a transfer motion to these enumerated factors. Instead, courts have recognized that such determinations require a case-by-case evaluation of the particular circumstances at hand and a consideration of all relevant factors." Id.

In general, the party seeking transfer bears the burden of establishing that the transfer should be granted. See Id. at 695; Nelson v. Bekins Van Lines Co., 747 F.Supp. 532, 535 (D. Minn. 1990). The plaintiff's choice of forum is given great weight and should not be disturbed unless the movant makes a clear showing that the balance of interest weighs in favor of the movant. BASF Corp. v. Symington, 50 F.3d 555, 557 (8th Cir. 1995); Gen. Comm. of Adjustment v. Burlington N. R.R., 895 F. Supp. 249, 252 (E.D. Mo. 1995). A transfer should not be granted if the effect is to merely shift inconvenience from one party to the other. Nelson, 747 F. Supp at 535 (citing Van Dusen v. Barrack, 376 U.S. 612, 646 (1964)); Gen. Comm. of Adjustment, 895 F. Supp. at 252; see generally Ferens v. John Deere Co., 494 U.S.

516, 522-23 (1990). In order to prevail in this case, defendants must show their inconvenience strongly outweighs the inconvenience plaintiffs would suffer if venue were in Colorado. *See Nelson*, 747 F. Supp. at 535.

In the findings and recommendation (Filing No. 77), the magistrate judge correctly analyzed the relevant facts under the proper standards for transfer of venue. Accordingly,

IT IS ORDERED:

1) The findings and recommendation of the magistrate judge are approved and adopted.

2) Plaintiffs' objection to the findings and recommendation of the magistrate judge is overruled.

3) This case is transferred to the District of Colorado.

DATED this 19th day of August, 2010.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court